# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 7 |
| Linens Holding Co., *et al.*,[1] | : Case No. 08-10832 (CSS) |
| Debtors. | : Substantively Consolidated |
| Charles M. Forman, Chapter 7 Trustee for the estate of Linens Holding Co., *et al.*, | : |
| Plaintiff, | : Adv. Pro. No. 11-_____ |
| v. | : |
| SG Footwear/Messer Group, Inc., | : |
| Defendant. | : |

## COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS, FOR DECLARATORY JUDGMENT AND FOR OTHER RELIEF

Charles M. Forman, the chapter 7 trustee (the "Plaintiff," or the "Chapter 7 Trustee") of the substantively-consolidated estate of the above-captioned debtors (the "Debtors"), by and through his undersigned counsel, alleges for his complaint against defendant herein as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this adversary proceeding pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure, among other things: (1) to avoid and recover certain preferential transfers made by the Debtors to the SG Footwear/Messer Group, Inc. ("Defendant"); (2) for breach of contract, or alternatively, to address Defendant's unjust enrichment; and (3) to setoff,

---

[1] The Debtors in these cases, along with the last four digits of the federal tax identification number for each of the Debtors, are Linens Holding Co. (2917), Linens 'n Things, Inc. (3939), Linens 'n Things Center, Inc. (0138), Bloomington, MN., L.T., Inc. (8498), Vendor Finance, LLC (5543), LNT, Inc. (4668), LNT Services, Inc. (2093), LNT Leasing II, LLC (4182), LNT West, Inc. (1975), LNT Virginia LLC (9453), LNT Merchandising Company LLC (2616), LNT Leasing III, LLC (3599) and Citadel LNT, LLC (2479). The Debtors' respective estates have been substantively consolidated, and are collectively referred to herein as the "Debtors."

or otherwise recover, the value of certain amounts owed to the Debtors by Defendant under the terms of the parties' agreement(s).

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

## THE PARTIES

5. On May 2, 2008 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

6. As of February 26, 2010, this Court converted the Debtors' chapter 11 cases to cases administered under chapter 7 of the Bankruptcy Code (the "Conversion"), and the Office of United States Trustee appointed the Chapter 7 Trustee to serve as the interim trustee of the Debtors' estates.

7. On April 21, 2010, the Chapter 7 Trustee conducted a meeting (the "341 Meeting") of creditors pursuant to section 341 of the Bankruptcy Code.

8. As indicated on the docket of case number 08-10832 (CSS)—at docket number 6066—the 341 Meeting was conducted and concluded on or before April 23, 2010.

9. Pursuant to section 702(d) of the Bankruptcy Code, the Chapter 7 Trustee's appointment in these cases was finalized with the conclusion of the 341 Meeting without the election of another trustee.

10. Upon information and belief, Defendant is a corporation or other legal entity. As further alleged herein, Defendant transacted business with one or more of the Debtors prior to the Petition Date.

## THE DEBTORS' THIRD AMENDED PLAN

11. On January 16, 2009, the Debtors filed their Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Plan").

12. Contemporaneously therewith, the Debtors submitted the Disclosure Statement in Support of the Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Disclosure Statement").

13. As set forth in the Plan and Disclosure Statement, the Plan included a "Global Compromise" between the Debtors, their senior noteholders (the "Noteholders"), and the official committee of unsecured creditors appointed in the Debtors' cases (the "Committee").

14. As set forth in the Disclosure Statement, the Debtors projected that the Plan, as proposed, would provide a recovery to the Noteholders of approximately 25% to 30%.

15. Also as set forth in the Disclosure Statement, as a result of the Global Compromise, the Plan provided for a limited recovery to the Debtors' general unsecured creditors (the "Unsecured Creditors"); however, the Debtors were unable to project the amount of the recovery to unsecured creditors because this recovery was unliquidated, and primarily derived from potential litigation proceeds.

16. Although the Debtors were unable to project the possible recovery to Unsecured Creditors, this class of creditors was listed as "Impaired" in the Plan, and therefore, it was not anticipated that this class of creditors would receive a 100% distribution under the terms of the Plan.

17. On June 12, 2009, this Court entered an Order Confirming the Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Confirmation Order").

18. Following the entry of the Confirmation Order, the Debtors attempted to satisfy all conditions precedent to the Plan becoming "effective"—including, without limitation, generating sufficient funds to satisfy unpaid post-petition administrative claims.

19. Despite these efforts, the Debtors were unable to satisfy all conditions precedent for the Plan to become effective. As a result, at a hearing before this court on February 24, 2010, the Debtors sought this Court's conversion of these cases to cases administered under chapter 7 of the Bankruptcy Code.

## GENERAL ALLEGATIONS

20. The Debtors and the Defendant are parties to one or more vendor agreements (the "Agreement") pursuant to which the Defendant sold certain goods to the Debtors.

21. The Agreement incorporates by reference the Linens 'n Things Vendor Manual (the "Vendor Manual").

22. Pursuant to the Agreement and/or the Vendor Manual, the Debtors were entitled to credit for, among other things, overpayment for goods, damage allowances, freight allowances and other reasons (the "Credits").

23. The Debtors were entitled to the Credits in the form of cash and/or as credit against invoices.

24. On or within 90 days prior to the Petition Date (the "Preference Period"), one or more of the Debtors (as set forth on Exhibit A) made one or more transfers of an interest of the Debtors in property to, or for the benefit of, the Defendant, as set forth on Exhibit A hereto.

Exhibit A also sets forth the Plaintiff's current knowledge regarding the antecedent debt that underlies each of the Transfers.

*Allegations Regarding CIT*

25. Upon information received, each of the Transfers was made on behalf of an antecedent debt that the Defendant had previously factored, or otherwise sold, to CIT Group/Commercial Services, Inc., and/or an affiliate thereof (collectively, "CIT").

26. On July 16, 2009, the Debtors commenced adversary proceeding number 09-5487 (CSS) against CIT (the "CIT Action"), seeking to avoid and recover, among other transfers, the Transfers from CIT.

27. Upon information and belief, CIT was the direct recipient of the Transfers, which were made for the Defendant's benefit.

*Allegations Regarding The Credits*

28. To the extent that the Debtors used Credits in the place of cash or other consideration to reduce a debt owed to Defendant within the Preference Period (the "Used Credits"), such Used Credits are included within the definition of "Transfers." To the extent that the Debtors did not use Credits (the "Unused Credits"), such Unused Credits are not included within the definition of "Transfers."

29. The Unused Credits represent sums owed by the Defendant to the Debtors and are identified on Exhibit B hereto.

30. Plaintiff is entitled to obtain payment from Defendant in the amount of the Unused Credits, or in the alternative to setoff, or otherwise recover, all Unused Credits as a defense to any allowed claims that Defendant has asserted against this estate or the Chapter 7 Trustee in the above-captioned bankruptcy cases, including but not limited to any claims

pursuant to section 503(b)(9) of the Bankruptcy Code (collectively, all such claims are referred to herein as the "Claims").

## COUNT I
### (Preferential Transfer Pursuant To 11 U.S.C. § 547(b))

31. Plaintiff restates and realleges the allegations of the preceding paragraphs as if fully set forth herein.

32. The Transfers were made to or for the benefit of Defendant, a creditor of one or more of the Debtors (as set forth on Exhibit A).

33. The Transfers were made for or on account of an antecedent debt(s) owed by one or more of the Debtors before such Transfers were made.

34. The Transfers were made during the Preference Period.

35. The Transfers were made while the Debtors were insolvent.

36. The Transfers enabled the Defendant to receive more than the Defendant would have received if: (i) this was a case commenced under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payment on account of the debt paid by the Transfers to the extent provided by the provisions of the Bankruptcy Code.

37. As set forth above, the Debtors attempted to confirm a Plan that contemplated a significantly reduced payment to the Noteholders, and a potential distribution to Unsecured Creditors. Upon information and belief, at no point was it contemplated that the assets of these estates were sufficient to provide a 100% recovery to unsecured creditors—indeed, any distribution to this creditor group likely required the compromise of senior Noteholder claims that was set forth in the Global Compromise outlined in the Plan.

38. The Transfers enabled the Defendant to receive a full, or substantially full, recovery on account of the antecedent debt(s) that were satisfied through the Transfers.

39. Each of the Transfers constitutes an avoidable preference within the meaning of section 547 of the Bankruptcy Code.

40. Defendant has not returned the Transfers to the Plaintiff.

## COUNT II
### (Breach of Contract)

41. Plaintiff restates and realleges the allegations of the preceding paragraphs as if fully set forth herein.

42. The Agreement is an enforceable contract between the Debtors and Defendant.

43. The Debtors substantially performed their obligations under the Agreement.

44. Defendant did not perform all of its obligations under the Agreement. Among other things, Defendant has not paid the Unused Credits to the Plaintiff. Accordingly, Defendant has breached the Agreement.

45. As a result, the Plaintiff is entitled to an award of damages in at least the amount of the Unused Credits.

## COUNT III
### (Unjust Enrichment)

46. Plaintiff restates and realleges the allegations of the preceding paragraphs as if fully set forth herein.

47. In the event that there is no adequate remedy at law for the Plaintiff on the breach of contract claim, Plaintiff is entitled, in the alternative, to payment for Defendant's unjust enrichment in an amount at least equal to the Unused Credits.

48. The Debtors conferred valuable benefits upon Defendant. The Debtors performed under the Agreement and became entitled to the Unused Credits. It would be inequitable and unjust under the circumstances for the Defendant to retain the Unused Credits, which are funds

to which it has no rights. Indeed, Defendant's continuing retention of the Unused Credits would bestow an unjust and unwarranted windfall on Defendant at the expense of this estate and its creditors.

49. By reason of the foregoing, Plaintiff is entitled to judgment against Defendant in at least the amount of the Unused Credits.

## COUNT IV
### (Turnover Pursuant To 11 U.S.C. § 542)

50. Plaintiff restates and realleges the allegations of the preceding paragraphs as if fully set forth herein.

51. The Unused Credits represent sums owed by Defendant to the Debtors' estate.

52. Defendant is in possession, custody or control of the Unused Credits, which constitute: (a) property that Plaintiff could otherwise use under section 363 of the Bankruptcy Code; and/or (b) debts which are property of the estate and that have matured.

53. Defendant has not delivered or otherwise accounted for the Unused Credits.

54. The Unused Credits are not of inconsequential value to the Debtors' estate.

55. Pursuant to section 542 of the Bankruptcy Code, Defendant must deliver to Plaintiff, and account for, the Unused Credits or their equivalent value.

## COUNT V
### (Declaratory Judgment - Setoff Pursuant To 11 U.S.C. § 558)

56. Plaintiff restates and realleges the allegations of the preceding paragraphs as if fully set forth herein.

57. The Unused Credits represent sums owed by Defendant to the Debtors.

58. Defendant has asserted, or may attempt to assert, Claims against this estate.

59. The Unused Credits and the Claims are mutual debts.

60. Pursuant to section 558 of the Bankruptcy Code and applicable state law, Plaintiff is entitled to setoff the Unused Credits as a defense against the Defendant's allowed Claims, if any.

61. An actual controversy exists between Plaintiff and Defendant. To facilitate the administration of the estate, it is important that the Court resolve this dispute between the parties concerning Plaintiff's right to setoff the Unused Credits against the Claims.

62. Accordingly, Plaintiff seeks a declaratory judgment that, to the extent that Defendant does not pay Plaintiff for the Unused Credits, Plaintiff is entitled to setoff the amount of the Unused Credits as a defense against the Defendant's allowed Claims, if any.

## COUNT VI
### (Recovery of Transfers Pursuant To 11 U.S.C. § 550)

63. Plaintiff restates and realleges the allegations of the preceding paragraphs as if fully set forth herein.

64. Defendant is either the: (a) initial transferee of the Transfers, (b) the entity for whose benefit the Transfers were made, or (c) an immediate or mediate transferee of an initial transferee.

65. Upon information received, each of the Transfers was made by the Debtors to CIT, for the benefit of the Defendant, and based upon an antecedent debt owed to the Defendant.

66. Also upon information and belief, the Defendant factored or otherwise transferred to CIT the antecedent debt that was satisfied by the Transfers.

67. Pursuant to section 550(a) of the Bankruptcy Code, the Plaintiff is entitled to recover the Transfers from either CIT or the Defendant.

68. Through the CIT Action, the Plaintiff has sought to avoid and recover the Transfers vis-à-vis CIT. The Plaintiff will seek only a singular recovery on behalf of each avoided Transfer, in accordance with section 550(d) of the Bankruptcy Code.

69. Plaintiff is entitled to recover the value of each of the Transfers pursuant to section 550(a) of the Bankruptcy Code.

## COUNT VII
### (Disallowance of all Claims - 11 U.S.C. § 502(d) and (j))

70. Plaintiff restates and realleges the allegations of the preceding paragraphs as if fully set forth herein.

71. Defendant is an entity from which property is recoverable under section 550 of the Bankruptcy Code.

72. Defendant is a transferee of the Transfers avoidable under section 547 of the Bankruptcy Code.

73. Defendant has not paid the amount of the Transfers, or turned over such property, for which Defendant is liable under section 550 of the Bankruptcy Code.

74. Pursuant to section 502(d) of the Bankruptcy Code, any and all Claims of Defendant and/or its assignee, against the Debtors' chapter 7 estate or Plaintiff must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Transfers, plus interest thereon and costs.

75. Pursuant to section 502(j) of the Bankruptcy Code, any and all Claims of Defendant, and/or its assignee, against the Debtors' chapter 7 estates or Plaintiff previously allowed by the Debtors or Plaintiff, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of all the Transfers.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests entry of a judgment in his favor:

(a) awarding Plaintiff at least the sum of the Transfers, plus interest at the legal rate from the date of the this Complaint, and ordering Defendant to immediately pay the judgment to Plaintiff;

(b) awarding Plaintiff damages for breach of contract, or in the alternative, unjust enrichment, in at least the amount of the Unused Credits plus interest at the legal rate from the date of this Complaint, and ordering Defendant to immediately pay the judgment to Plaintiff;

(c) declaring that Plaintiff is entitled to setoff or otherwise recover the Unused Credits against Defendant's Claims;

(d) awarding Plaintiff post-judgment interest until the entire amount of the judgment is paid by Defendant;

(e) disallowing, in accordance with section 502(d) of the Bankruptcy Code, any Claims held by Defendant and/or its assignee until Defendant satisfies the judgment;

(f) awarding Plaintiff his costs, fees (including attorneys' fees) and expenses associated with the prosecution of this action; and

*[Remainder of the Page Left Intentionally Blank]*

(g) granting such other and further relief as is just and proper.

Dated: April 7, 2011
Wilmington, Delaware

CIARDI CIARDI & ASTIN

*/s/ signature/*

Daniel K. Astin (No. 4068)
John D. McLaughlin, Jr. (No. 4123)
Joseph J. McMahon, Jr. (No. 4819)
919 N. Market St., Suite 700
Wilmington, DE 19801
Telephone: (302) 658-1100
Facsimile: (302) 658-1300
dastin@ciardilaw.com
jmcmahon@ciardilaw.com
jmclaughlin@ciardilaw.com

-and-

Rick A. Steinberg, Esq.
CIARDI CIARDI & ASTIN
100 Church Street
8th Floor
New York, NY 10007
Telephone: (646) 485-0605
Facsimile: (646) 688.4385
rsteinberg@ciardilaw.com

*Counsel for Charles M. Forman, Chapter 7 Trustee*