# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Linens Holding Co., *et al.*,[1] | Case No. 08-10832 (CSS) |
| Debtors. | (Jointly Administered) |
| Charles M. Forman, Chapter 7 Trustee for the estate of Linens Holding Co., *et al.*, | |
| Plaintiff, | |
| v. | Adv. Proc. No. 11-51737 (CSS) |
| SG Footwear/Messer Group, Inc., | |
| Defendant. | |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT SG FOOTWEAR/ MESSER GROUP, INC. TO COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS, FOR DECLARATORY JUDGMENT AND FOR OTHER RELIEF

SG Footwear/Messer Group, Inc. ("Defendant"), by and through its undersigned counsel, hereby submits its answer (the "Answer") to the Complaint to Avoid and Recover Preferential Transfers, For Declaratory Judgment and For Other Relief (the "Complaint") filed by Charles M. Forman, Chapter 7 Trustee for the Estate of Linens Holding Co., *et al.*, ("Plaintiff") in the above-captioned adversary proceeding, and in support thereof, Defendant respectfully states as follows:

---

[1] The Debtors in these cases, along with the last four digits of the federal tax identification number for each of the Debtors, are Linens Holding Co. (2917), Linens 'n Things, Inc. (3939), Linens 'n Things Center, Inc. (0138), Bloomington, MN., L.T., Inc. (8498), Vendor Finance, LLC (5543), LNT, Inc. (4668), LNT Services, Inc. (2093), LNT Leasing II, LLC (4182), LNT West, Inc. (1975), LNT Virginia LLC (9453), LNT Merchandising Company LLC (2616), LNT Leasing III, LLC (3599) and Citadel LNT, LLC (2479). The Debtors' respective estates have been substantively consolidated, and are collectively referred to herein as the "Debtors."

## NATURE OF THE ACTION

1. Paragraph 1 of the Complaint states legal principles or legal conclusions to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief sought in the Complaint.

## JURISDICTION AND VENUE

2. Defendant admits the allegations in paragraph 2 of the Complaint.

3. Defendant admits the allegations in paragraph 3 of the Complaint, except as to Count II and Count III, which are non-core matters. As to Count II and Count III, Defendant does not consent to the entry of final orders or judgment by the bankruptcy judge with respect to such counts.

4. Defendant admits the allegations in paragraph 4 of the Complaint.

## THE PARTIES

5. Defendant admits the allegations in paragraph 5 of the Complaint.

6. Defendant has insufficient knowledge to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, and therefore denies same.

7. Defendant has insufficient knowledge to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, and therefore denies same.

8. Defendant has insufficient knowledge to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, and therefore denies same.

9. Defendant has insufficient knowledge to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, and therefore denies same.

10. As to paragraph 10 of the Complaint, Defendant admits that it is a corporation or other legal entity and has transacted business with one or more of the Debtors prior to the

Petition Date. Defendant has insufficient knowledge to form a belief as to the truth of the remaining allegations in paragraph 10 of the Complaint, and therefore denies same.

## THE DEBTORS' THIRD AMENDED PLAN

11. Defendant has insufficient knowledge to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, and therefore denies same.

12. Defendant has insufficient knowledge to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, and therefore denies same.

13. Defendant has insufficient knowledge to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, and therefore denies same.

14. Defendant has insufficient knowledge to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, and therefore denies same.

15. Defendant has insufficient knowledge to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, and therefore denies same.

16. Defendant has insufficient knowledge to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, and therefore denies same.

17. Defendant has insufficient knowledge to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, and therefore denies same.

18. Defendant has insufficient knowledge to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, and therefore denies same.

19. Defendant has insufficient knowledge to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, and therefore denies same.

## GENERAL ALLEGATIONS

20. As to paragraph 20 of the Complaint, Defendant admits that it was a party to one or more vendor agreements with one or more of the Debtors.

21. While Defendant acknowledges that it was, at some time, a party to one or more vendor agreements with one or more of the Debtors, Defendant has been unable to locate copies of such vendor agreement(s) despite diligent efforts. Accordingly, Defendant has insufficient knowledge to form a belief as to the truth of the allegations in paragraph 21 of the Complaint, and therefore denies same.

22. While Defendant acknowledges that it was, at some time, a party to one or more vendor agreements with one or more of the Debtors, Defendant has been unable to locate copies of such vendor agreement(s) despite diligent efforts. Accordingly, Defendant has insufficient knowledge to form a belief as to the truth of the allegations in paragraph 22 of the Complaint, and therefore denies same.

23. While Defendant acknowledges that it was, at some time, a party to one or more vendor agreements with one or more of the Debtors, Defendant has been unable to locate copies of such vendor agreement(s) despite diligent efforts. Accordingly, Defendant has insufficient knowledge to form a belief as to the truth of the allegations in paragraph 23 of the Complaint, and therefore denies same.

24. As to paragraph 24 of the Complaint, Defendant admits the receipt of certain property from one or more of the Debtors, but denies the remainder of paragraph 24.

25. To the extent that paragraph 25 of the Complaint states legal principles or legal conclusions, no response is required. To the extent that the balance of paragraph 25 states

factual averments, Defendant has insufficient knowledge to form a belief as to the truth of such averments, and therefore denies same.

26. To the extent paragraph 26 of the Complaint states legal conclusions, no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 26 of the Complaint, and therefore denies same.

27. To the extent that paragraph 27 of the Complaint states legal principles or legal conclusions, no response is required. To the extent that the balance of paragraph 27 states factual averments, Defendant has insufficient knowledge to form a belief as to the truth of such averments, and therefore denies same.

28. Defendant denies that it owes the Debtors sums represented by or on account of the "Unused Credits." Moreover, it is unclear what, if anything, is alleged in paragraph 28 of the Complaint. To the extent any factual allegations are asserted, Defendant has insufficient knowledge to form a belief as to the truth of such allegations, and therefore denies same.

29. Defendant denies that it owes the Debtors sums represented by or on account of the "Unused Credits." Moreover, Defendant has insufficient knowledge to form a belief as to the truth of the balance of the allegations in paragraph 29 of the Complaint, and therefore denies same.

30. Defendant denies the allegations in paragraph 30 of the Complaint.

## COUNT I
### (Preferential Transfer Pursuant to 11 U.S.C. § 547(b))

31. As to paragraph 31 of the Complaint, Defendant restates and realleges its responses and answers to the allegations contained in paragraphs 1 through 30 as if set forth fully herein.

32. Defendant denies the allegations in paragraph 32 of the Complaint.

33. Defendant denies the allegations in paragraph 33 of the Complaint.

34. Defendant denies the allegations in paragraph 34 of the Complaint.

35. Defendant denies the allegations in paragraph 35 of the Complaint.

36. Defendant denies the allegations in paragraph 36 of the Complaint.

37. Defendant has insufficient knowledge to form a belief as to the truth of the allegations in paragraph 37 of the Complaint, and therefore denies same.

38. Defendant has insufficient knowledge to form a belief as to the truth of the allegations in paragraph 38 of the Complaint, and therefore denies same.

39. Paragraph 39 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. Defendant admits the allegations in paragraph 40 of the Complaint.

## COUNT II
### (Breach of Contract)

41. As to paragraph 41 of the Complaint, Defendant restates and realleges its answers to the allegations contained in paragraphs 1 through 40 as if set forth fully herein.

42. Paragraph 42 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant has insufficient knowledge to form a

belief as to the truth of the allegations in paragraph 42 of the Complaint, and therefore denies same.

43. Paragraph 43 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant has insufficient knowledge to form a belief as to the truth of the allegations in paragraph 43 of the Complaint, and therefore denies same.

44. Defendant has insufficient knowledge to form a belief as to the truth of the allegations in paragraph 44 of the Complaint, and therefore denies same.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint.

## COUNT III
### (Unjust Enrichment)

46. As to paragraph 46 of the Complaint, Defendant restates and realleges its answers to the allegations contained in paragraphs 1 through 45 as if set forth fully herein.

47. Paragraph 47 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 47 of the Complaint.

48. It is unclear what is meant or intended by the phrase "conferred valuable benefits," and Defendant therefore denies same. As to the allegation that the Debtors "performed under the Agreement and became entitled to the Unused Credits," Defendant lacks sufficient information to form a belief as to the truth of such allegations, and therefore denies same. The balance of paragraph 48 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies such allegations.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint.

## COUNT IV
### (Turnover Pursuant to 11 U.S.C. § 542)

50. As to paragraph 50 of the Complaint, Defendant restates and realleges its answers to the allegations contained in paragraphs 1 through 49 as if set forth fully herein.

51. Defendant denies the allegations in paragraph 51 of the Complaint.

52. Paragraph 52 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 52 of the Complaint.

53. Defendant has insufficient knowledge to form a belief as to the truth of the allegations in paragraph 53 of the Complaint, and therefore denies same.

54. Defendant has insufficient knowledge to form a belief as to the truth of the allegations in paragraph 54 of the Complaint, and therefore denies same.

55. Defendant denies the allegations contained in paragraph 55 of the Complaint.

## COUNT V
### (Declaratory Judgment – Setoff Pursuant to 11 U.S.C. § 558)

56. As to paragraph 56 of the Complaint, Defendant restates and realleges its answers to the allegations contained in paragraphs 1 through 55 as if set forth fully herein.

57. Defendant denies the allegations in paragraph 57 of the Complaint.

58. Defendant admits the allegations of paragraph 58 of the Complaint.

59. Paragraph 59 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 59 of the Complaint.

60. Paragraph 60 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 60 of the Complaint.

61. Paragraph 61 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 61 of the Complaint.

62. Defendant admits that the Complaint seeks a declaratory judgment. As to the balance of paragraph 62, Defendant denies the allegations contained therein.

## COUNT VI
### (Recovery of Transfers Pursuant to 11 U.S.C. § 550)

63. As to paragraph 63 of the Complaint, Defendant restates and realleges its answers to the allegations contained in paragraphs 1 through 62 as if set forth fully herein.

64. Paragraph 64 of the Complaint states legal principles or legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 64 of the Complaint.

65. To the extent that paragraph 65 of the Complaint states legal principles or legal conclusions, no response is required. To the extent that paragraph 65 states factual averments, Defendant has insufficient knowledge to form a belief as to the truth of such averments, and therefore denies same.

66. To the extent that paragraph 66 of the Complaint states legal principles or legal conclusions, no response is required. To the extent that paragraph 66 states factual averments, Defendant has insufficient knowledge to form a belief as to the truth of such averments, and therefore denies same.

67. Paragraph 67 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 67 of the Complaint.

68. Defendant has insufficient knowledge to form a belief as to the truth of the allegations in paragraph 68 of the Complaint, and therefore denies same.

69. Paragraph 69 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 69 of the Complaint.

## COUNT VII
**(Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))**

70. As to paragraph 70 of the Complaint, Defendant restates and realleges its answers to the allegations contained in paragraphs 1 through 69 as if set forth fully herein.

71. Paragraph 71 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 71 of the Complaint.

72. Paragraph 72 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 72 of the Complaint.

73. Defendant admits that it has not paid or turned over any of the Transfers to Plaintiff. As to the balance of paragraph 73 of the Complaint, it states legal principles or legal conclusions to which no response is required. To the extent a response to the balance is required, Defendant has insufficient knowledge to form a belief as to the truth of such allegations, and therefore denies same.

74. Paragraph 74 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 74 of the Complaint.

75. Paragraph 75 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 75 of the Complaint.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Any transfers made by the Debtors (to the extent determined to be transfers) may not be avoided to the extent that the transfers were, in whole or in part, made in payment of a debt incurred by the Debtors in the ordinary course of business or financial affairs of the Debtors and Defendant, and such transfers were made in the ordinary course of business or financial affairs of the Debtors and Defendant. 11 U.S.C. § 547(c)(2)(A).

3. Any transfers made by the Debtors (to the extent determined to be transfers) may not be avoided to the extent that the transfers were, in whole or in part, made in payment of a debt incurred by the Debtors in the ordinary course of business or financial affairs of the Debtors and Defendant, and such transfers were made according to ordinary business terms. 11 U.S.C. § 547(c)(2)(B).

4. Any transfers made by the Debtors (to the extent determined to be transfers) may not be avoided to the extent that the transfers were, in whole or in part, contemporaneous exchanges of new value within the meaning of 11 U.S.C. § 547(c)(1).

5. Any transfers made by the Debtors to Defendant may not be avoided to the extent that Defendant provided subsequent new value to the Debtors within the meaning of 11 U.S.C. § 547(c)(4).

6. Plaintiff's claims are barred in whole or in part because the Debtors were not insolvent at the time of the transfers alleged in the Complaint (if made), notwithstanding any legal presumption to the contrary, and therefore any such transfers are not avoidable.

7. Plaintiff's claims are barred in whole or in part because Defendant is entitled to set off or recoup any amounts owed under each and every claim in the Complaint.

8. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

9. Plaintiff's claims are barred in whole or in part to the extent that any of the alleged transfers were not made within ninety (90) days prior to the Petition Date.

10. Plaintiff's claims are barred in whole or in part due to the doctrine of impossibility of performance of the contract(s) upon which relief is sought.

11. Plaintiff's claims are barred, in whole or in part, as a result of the Debtors' breach of the Agreement.

12. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, quasi-estoppel, ratification, waiver, license, acquiescence, and authorization.

13. Plaintiff's claims are barred in whole or in part because Plaintiff is not entitled to recover costs.

14. Plaintiff's claims asserted pursuant to 11 U.S.C. § 550 must be denied to the extent that, with respect to any transfer of property made by the Debtors to Defendant, Defendant

received such property in exchange for value, in good faith, and without knowledge of the avoidability of such transfer.

15. Plaintiff's claims are barred in whole or in part because Defendant was a mere conduit, holding said funds in trust for a third party.

16. Defendant reserves the right to raise additional defenses and to amend and/or to supplement those asserted herein upon further analysis and discovery of information regarding the Complaint.

## CONCLUSION

**WHEREFORE**, Defendant requests the entry of judgment in its favor and against Plaintiff dismissing this Adversary Proceeding, with prejudice, and for such other and further relief as this Court deems just and equitable.

Dated: Wilmington, Delaware  
August 12, 2011

**ASHBY & GEDDES, P.A.**

/s/ F. Troupe Mickler IV
_____
Ricardo Palacio (DE #3765)  
F. Troupe Mickler IV (DE #5361)  
500 Delaware Avenue, 8th Floor  
P.O. Box 1150  
Wilmington, Delaware 19899  
Tel: (302) 654-1888  
Fax: (302) 654-2067  
rpalacio@ashby-geddes.com  
tmickler@ashby-geddes.com

*Counsel to SG Footwear/Messer Group, Inc.*